| | |
|---|---|
| 1 | TOMIO B. NARITA (SBN 156576) |
|  | tnarita@snllp.com |
| 2 | R. TRAVIS CAMPBELL (SBN 271580) |
|  | tcampbell@snllp.com |
| 3 | SIMMONDS & NARITA LLP |
|  | 44 Montgomery Street, Suite 3010 |
| 4 | San Francisco, CA 94104-4816 |
|  | Telephone: (415) 283-1000 |
| 5 | Facsimile:   (415) 352-2625 |
| 6 | Attorneys for defendant |
|  | Equable Ascent Financial, LLC |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| VARDAN MNATSAKANYAN, | ) | CASE NO.: CV11-3815 PA (SHx) |
| | ) | |
| Plaintiff, | ) | **NOTICE OF MOTION AND** |
| | ) | **MOTION TO DISMISS** |
| vs. | ) | **COMPLAINT BY DEFENDANT** |
| | ) | **EQUABLE ASCENT FINANCIAL,** |
| | ) | **LLC; MEMORANDUM OF** |
| EQUABLE ASCENT FINANCIAL, | ) | **POINTS AND AUTHORITIES IN** |
| LLC, | ) | **SUPPORT OF MOTION** |
| | ) | Date:  June 13, 2011 |
| Defendants. | ) | Time:  1:30 p.m. |
| | ) | Crtrm: 15 |
| | ) | |
| | ) | The Honorable Percy Anderson |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that on Monday, June 13, 2011 at 1:30 p.m. in courtroom number 15 of the above Court, located at 312 N. Spring Street, Los Angeles County, California, 90012, the Honorable Percy Anderson presiding, defendant Equable Ascent Financial, LLC ("Equable") will and hereby does move this Court for an Order, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismissing the complaint in this action.

This motion is made on the grounds that the complaint fails to state facts sufficient to constitute a cause of action against Equable under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

Before filing this motion, Equable's counsel attempted to meet and confer with Plaintiff, who is proceeding *pro se*, pursuant to **Local Rule 7-3**. Equable's counsel left telephone messages for Plaintiff on May 4, 2011 and May 5, 2011, advising Plaintiff of Equable's intent to file a motion to dismiss, and requesting that Plaintiff contact counsel to discuss the motion. Equable's counsel also mailed a letter to Plaintiff on May 5, 2011 advising him of the same. As of the date this motion was filed, Plaintiff has not responded.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in Support of the Motion, all of the other papers on file in this action, and such other and further evidence or argument as the Court may allow.

DATED: May 10, 2011         SIMMONDS & NARITA LLP
                            TOMIO B. NARITA
                            R. TRAVIS CAMPBELL


                            By:  /s/ R. Travis Campbell
                                 R. Travis Campbell
                                 Attorneys for defendant
                                 Equable Ascent Financial, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Vardan Mnatsakanyan ("Plaintiff") sued defendant Equable Ascent Financial, LLC ("Equable" or "Defendant") in Glendale Superior Small Claims Court. Equable removed the action and now moves to dismiss on the ground that Plaintiff's complaint fails to state a claim upon which relief can be granted.

In his complaint, Plaintiff asserts a claim arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 ("FCRA" or "the Act"). He alleges that Equable "continues to report an invalid [debt] to the Plaintiff's credit report" after it allegedly failed to supply him with documents he requested. Plaintiff does not identify the particular section of the Act that Equable supposedly violated. Construed liberally, however, it appears Plaintiff seeks to pursue a claim for reporting allegedly inaccurate information, in violation of section 1681s-2(a) of the Act. Consumers lack standing to bring such claims, however, so the claim fails.

For these reasons discussed herein, the Complaint should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Unless Plaintiff can explain to the Court how he can plausibly amend his complaint to state a valid claim, the Complaint should be dismissed without leave to amend, and the Court should enter judgment for Equable.

## II. ARGUMENT

### A. Rule 12(b)(6) Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint may be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. Proc. 12(b)(6). The Federal Rules of Civil Procedure provide very little guidance on what a plaintiff must do to "state a claim" for relief, other than Rule 8, which says that a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2).

The Supreme Court decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ("*Twombly*"), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) ("*Iqbal*") represent a significant shift in the analytical framework that courts must use when evaluating motions to dismiss. In *Twombly*, the Court expressly rejected the "no set of facts" test that had been articulated in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See Twombly*, 550 U.S. at 562-63. The Court clarified that even though "detailed factual allegations" are not required at the pleading stage, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. The complaint must contain factual allegations, and they "must be enough to raise a right to relief above the speculative level." *Id.* There must be sufficient facts to state a claim to relief that is "plausible on its face." *Id*. at 570.

The Supreme Court refined its analysis even further in *Iqbal*, where it reiterated that Rule 8 of the Federal Rules of Civil Procedure requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. Only a complaint that states "a plausible claim for relief" can survive a motion to dismiss. *Id.* "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . The plausability standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint that contains facts which are "merely consistent with" defendant's liability is not sufficient, because it "stops short of the line between possibility and the plausibility of entitlement to relief." *Id*. (citations and quotation marks omitted).

The Court should not assume the truth of legal conclusions in the complaint. *See Iqbal* at 1949. Thus, the first step when evaluating a motion to dismiss is to identify the legal conclusions, because they "are not entitled to the assumption of truth. While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id*. at 1950. Next, with respect to any

1  "well-pleaded factual allegations" in the complaint "a court should assume their
2  veracity and then determine whether they plausibly give rise to an entitlement to
3  relief." *Id.* The determination of whether a plausible claim for relief has been
4  stated is "a context-specific task" that requires a court to "draw on its judicial
5  experience and common sense." *Id.*
6      Dismissal is therefore proper under Rule 12(b)(6) where a court finds either:
7  1) the lack of a cognizable legal theory; or 2) the absence of sufficient facts alleged
8  under a cognizable legal theory. *See Johnson v. Riverside Healthcare Sys., L.P.*,
9  534 F.3d 1116, 1121 (9th Cir. 2008). As the Ninth Circuit recently observed: "In
10 sum, for a complaint to survive a motion to dismiss, the non-conclusory factual
11 content, and reasonable inferences from that content, must be plausibly suggestive
12 of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d
13 962, 969 (9th Cir. 2009) (internal quotation marks omitted). Plaintiff has not pled
14 facts sufficient to support a plausible claim for relief against Equable, consistent
15 with the pleading requirements of Rule 8 and the decisions in *Iqbal* and *Twombly*.
16 The complaint must be dismissed.
17     **C.    Plaintiff Lacks Standing To Pursue A Claim Under The FCRA**
18     Plaintiff contends that Equable violated the law by furnishing inaccurate
19 information about him to the consumer reporting agencies ("CRAs") concerning an
20 "invalid debt." Plaintiff lacks standing to bring such a claim.
21     Congress passed the FCRA as part of its efforts to balance the legitimate
22 needs of furnishers of consumer information (like Equable) with its concern for
23 protecting consumer privacy. *See* 15 U.S.C. §§ 1681(a), (b); *Gorman v. Wolpoff &*
24 *Abramson, LLP*, 584 F.3d 1147, 1153-54 (9th Cir. 2009), *cert. denied*, __S. Ct. __,
25 2010 WL 1047483 (U.S. Oct. 4, 2010) (No. 09-1142). The FCRA was aimed at
26 curbing the industry's worst abuses – it was not designed to prohibit all furnishing
27 of information, including negative information. "The Fair Credit Reporting Act . . .
28 was a product of political compromise enacted for the specific purpose of curbing

only the *worst abuses* by the credit reporting industry and its clients." *See Riley v. Equifax Credit Info. Servs., Inc.*, 194 F. Supp. 2d 1239, 1244 (S.D. Ala. 2002) (quoted citation omitted and emphasis added).

Section 1681s-2(a) of the FCRA obligates furnishers like Equable to ensure that the information they report to CRAs about consumer accounts is complete and accurate. *See* 15 U.S.C. § 1681s-2(a).[1] Notwithstanding this, however, the Ninth Circuit has held that no private right of action exists to enforce a furnisher's duties under section 1681s-2(a). *See Nelson v. Chase Manhattan Mortgage Co.*, 282 F.3d 1057, 1059 (9th Cir. 2002). As the Ninth Circuit observed, Congress "did not want furnishers of credit information exposed to suit by any and every consumer dissatisfied with the credit information furnished," and for this reason Congress "limited the enforcement of the duties imposed by § 1681s-2(a) to governmental bodies." *Id.* at 1060.

This means, for example, that a consumer like Plaintiff lacks standing to sue a furnisher under the FCRA claiming the furnisher reported inaccurate information in the first instance, or that it failed to properly investigate a dispute the consumer made directly to the furnisher. Nor can a consumer sue for breach of the duty set forth in section 1681s-2(a)(3) to report the account as "disputed." As the Court observed in *Nelson*, section 1681s-2(c) "expressly provides" that consumer claims

---

[1] This provision does not ban the reporting of negative information. Rather, it provides that a furnisher "shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate," *id.* § 1681s-2(a)(1)(A), or "if the person has been notified by the consumer . . . that specific information is inaccurate; and . . . the information is, in fact, inaccurate," *id.* § 1681s-2(a)(1)(B). The Act also imposes upon furnishers a duty "to correct and update information . . . that the person determines is not complete or accurate." *Id.* § 1681s-2(a)(2). In addition, "[i]f the completeness or accuracy of any information furnished by any person to any consumer reporting agency is disputed to such person by a consumer, the person may not furnish the information to any consumer reporting agency without notice that such information is disputed by the consumer." *Id.* § 1681s-2(a)(3).

1  for willful or negligent noncompliance with the FCRA <u>cannot</u> be based on a failure
2  to comply with section 1681s-2(a).  *See id.*
3        Plaintiff's conclusory allegation that Equable continued to report information
4  about an "invalid debt" arises under section 1681s-2(a) of the FCRA, and thus, he
5  lacks standing to pursue it.  His claim must be dismissed.

## III. <u>CONCLUSION</u>

      Plaintiff has filed a conclusory claim alleging that Equable unlawfully harmed him by continuing to report an "invalid" debt after failing to provide him supporting documentation.  At best, he has attempted to state a claim under section 1681s-2(a) of the FCRA.  He lacks standing to pursue it, and the complaint therefore does not state a valid claim for relief.

      Equable respectfully requests that the Court issue an Order dismissing the complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Unless Plaintiff demonstrates that he can amend his complaint to state a valid claim, the complaint should be dismissed with prejudice.

DATED: May 10, 2011          SIMMONDS & NARITA LLP
                                       TOMIO B. NARITA
                                       R. TRAVIS CAMPBELL

                              By:  /s/ R. Travis Campbell
                                       R. Travis Campbell
                                       Attorneys for defendant
                                       Equable Ascent Financial, LLC