JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-3815 PA (SHx) | Date | May 17, 2011 |
|---|---|---|---|
| Title | Vardan Mnatsakanyan v. Equable Ascent Financial, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

Before the Court is the Notice of Removal filed by defendant Equable Ascent Financial, LLC ("Defendant"). Defendant assert that federal jurisdiction exists on the basis of the existence of a federal question. See 28 U.S.C. § 1331. Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

Suits filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The "burden of establishing federal subject matter jurisdiction is on the party seeking removal . . . ." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). An action may be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The removal statute is 'strictly construed against removal jurisdiction and any doubt must be resolved in favor of remand.'" Hofler v. Aetna US Healthcare of Cal., Inc., 296 F.3d 764, 767 (9th Cir. 2002) (quoting Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). The removing party has the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).

A defendant seeking removal must file a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served on the defendant. 28 U.S.C. § 1446(a). "[A]ll defendants must join a notice of removal . . . and a proper removal notice must be filed within 30 days of service of the plaintiff's complaint." Parrino v. FHP, Inc., 146 F.3d 699, 703 (9th Cir. 1998); 28 U.S.C. § 1446(b). "If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable . . . ." 28 U.S.C. § 1446(b).

According to the Ninth Circuit, "notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty

**JS-6**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 11-3815 PA (SHx) | Date | May 17, 2011 |
|---|---|---|---|
| Title | Vardan Mnatsakanyan v. Equable Ascent Financial, LLC | | |

to make further inquiry." <u>Harris v. Bankers Life & Cas. Co.</u>, 425 F.3d 689, 694 (2005).  The thirty-day removal clock "is triggered by defendant's receipt of an 'initial pleading' that reveals a basis for removal.  If no ground for removal is evident in that pleading, the case is 'not removable' at that stage."  <u>Id.</u> at 694.

      Here, Defendant was served with the Complaint on April 22, 2011.  The Complaint, which is actually a "Claim and Order to Go to Small Claims Court," was filed by plaintiff Vardan Mnatsakanyan ("Plaintiff") on April 15, 2011.  In Plaintiff's Small Claims Complaint, Plaintiff alleges that Defendant "continues to report an invalid de[b]t to the Plaintiff's credit report after failing to provide the requested validation documents."  Although Defendant's Notice of Removal alleges that this Court has federal question jurisdiction because the action "arises under 15 U.S.C. § 1681 <u>et seq.</u> (the Fair Credit Reporting Act)," the Fair Credit Reporting Act is never mentioned in Plaintiff's Small Claims Court Complaint.

      Based on the allegations in the Small Claims Complaint, the Court cannot conclude that Plaintiff has actually alleged a claim pursuant to either the Fair Credit Reporting Act or the Fair Debt Collections Practices Act, 15 U.S.C. § 1692.  Instead, Plaintiff may be asserting a claim exclusively under California law by bringing claims pursuant to either the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 <u>et seq.</u>, or the Rosenthal Fair Debt Collections Practices Act, Cal. Civ. Code § 1788 <u>et seq.</u>  Absent an indication within the "four corners" of Plaintiff's Complaint, or additional facts alleged in the Notice of Removal indicating that Plaintiff has asserted a federal claim, Defendant has failed to meet its burden to establish that this Court possesses subject matter jurisdiction over this action.

      For the foregoing reasons, the Court remands this action to Los Angeles Superior Court, case number 11S01644.  <u>See</u> 28 U.S.C. § 1447(c).  Defendant's Motion to Dismiss (Docket No. 7) is denied as moot.

      IT IS SO ORDERED.